IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-03283-NRN

T.L.S.,

Plaintiff,

v.

MARTIN O'MALLEY, Commissioner of Social Security,[1]

Defendant.

## OPINION AND ORDER

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff T.L.S.[2] was not disabled for purposes of the Social Security Act. AR[3] 10–23. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #9.

---

[1] Martin O'Malley became the Commissioner of Social Security ("Commissioner") on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Pursuant to D.C.COLO.LAPR 5.2, "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[3] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. *See* Dkt. ##8, and 8-1 through 8-8; Dkt. #12.

## **Standard of Review**

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes a mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). However, it must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d, 1067, 1070 (10th Cir. 2007). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

## Background

**I. Procedural History**

Plaintiff filed a claim for Disability Insurance Benefits and Supplemental Security Income Benefits in October 2019, alleging a disability onset date of November 26, 2018. *See* AR 78, 91, 377, 390. The ALJ's first unfavorable decision (AR 138–49) was remanded by the Appeals Council. *See* AR 151–52. The ALJ's second decision was issued on July 11, 2022. AR 7–30.

**II. The ALJ's July 11, 2022 Decision**

At the first step of the Commissioner's five-step sequence for making determinations,[4] the ALJ found that Plaintiff had engaged in substantial gainful activity during the period between November 2019 and September 2020. AR 13. However, the ALJ found that Plaintiff had not engaged in substantial gainful activity from October 2020 through the date of decision, so his findings addressed that period. *Id.*

At the second step, the ALJ determined that Plaintiff had the severe impairments of "osteoarthritis and labral tear of the left shoulder; osteoarthritis of the right shoulder with residuals from surgery with hardware placement; degenerative cervical and lumbar disc disease; and, mild degenerative changes of the bilateral hips" AR 14. The ALJ

---

[4] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

deemed several additional impairments, including major depressive disorder and anxiety, to be non-severe. *Id.*

The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the regulations. AR 15. Because he concluded that Plaintiff did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional functional restrictions: cannot climb ladders, ropes or scaffolds; can occasionally balance and engage in other postural activities as defined in the Selected Characteristics of Occupations (SCO); can occasionally reach overhead with the bilateral upper extremities and can frequently reach in other directions with the bilateral upper extremities; should not be exposed to excessive vibration; and, should have not exposure to moving mechanical parts and unprotected heights.

AR 15–20.

The ALJ found that Plaintiff was capable of performing past relevant work as an oil field superintendent and construction project manager. AR 20–22. The ALJ further determined that, considering Plaintiff's age, education, work experience, and RFC, and in light of the testimony of a vocational expert ("VE"), there were light, unskilled occupations that exist in significant numbers in the national economy that he could perform, such as cashier II, office helper, and routing clerk. AR 22. Accordingly, Plaintiff was deemed not to have been under a disability from October 28, 2019, through July 11, 2022, the date of the decision. AR 22–23.

## Analysis

Plaintiff argues that the ALJ's RFC determination is unsupported by substantial evidence because the ALJ failed to account for Plaintiff's mental limitations. The Court agrees.

As noted above, at step two, the ALJ determined that while the record contained evidence of major depressive disorder and anxiety, the "complaints have not been documented with objective medical signs and diagnostic findings sufficient to establish the existence of enduring medical impairments, significantly compromising the claimant's residual functional capacity over time." AR 14. Then, applying the four areas of mental functioning known as the "paragraph B" criteria—understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself—the ALJ found:

> After reviewing all the evidence, and consistent with the medical opinion of Mark Suyeishi, Psy.D., the Administrative Law Judge finds the claimant to have no limitations in understanding, remembering and applying information and in adapting/managing oneself. The claimant has only a "mild" limitation in interacting with others and concentrating, persisting and maintaining pace. As observed by Dr. Suyeishi, though the claimant alleges symptoms of anxiety and depression, his complaints seem mostly situational and his activities of daily living are not significantly limited due to a mental health condition The record indicates that he has been prescribed anti-depressive medication by his primary care provider, with improved symptoms, and the claimant declined a referral to a mental health specialist. His mental complaints thus appear nonsevere.

*Id.* (internal citations to the record omitted).

Although Plaintiff labels the ALJ's evaluation of Plaintiff's mental limitations as "suspect," he does not challenge it here. Rather, he contends that even if the ALJ deemed Plaintiff's mental limitations to be non-severe, he was still required to account for them in the RFC, and his failure to do so requires remand.

Defendant maintains that the ALJ "sufficiently—if tacitly–explained the omission of work-related mental limitations in the RFC." The Court agrees with Plaintiff that this "tacit" discussion is insufficient under the regulations.

A claimant's RFC is the most he can do despite limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *1. The RFC analysis requires consideration of all of a claimant's medically determinable physical and mental impairments, both severe and non-severe. 20 C.F.R. § 404.1545(a)(2), (b)–(c), (e); SSR 96-8p at *5. A claimant's "limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work." 20 C.F.R. § 404.1545(c). That is so even if a mental impairment is deemed non-severe because it, when considered alongside a claimant's other impairments, "may prevent an individual from performing past relevant work." SSR 96-8p at *5.

Consideration of physical and mental impairments during the RFC analysis is distinct from the determination of an impairment's severity at step two. *See Wells v. Colvin*, 727 F.3d 1061, 1068–69 (10th Cir. 2013) (clarifying that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five."); SSR 96-8p, 1996 WL 374184, at *4. Therefore, a blanket statement indicating that step two findings relating to non-severe mental impairments have been incorporated into the RFC assessment is inadequate. *See id.*; *Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013). Rather, "[t]he mental RFC

6

assessment used at steps 4 and 5 . . . requires a more detailed assessment." *Wells*, 727 F.3d at 1069 (citation omitted). "And that assessment is essential to later steps in the overall disability analysis." *Mary E. K. v. Kijakazi*, No. 21-cv-02373-TC, 2023 WL 4105155, at *3 (D. Kan. June 21, 2023).

Here, while the ALJ stated that he "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the residual functional capacity," AR 14, that is not apparent from the RFC assessment. The ALJ did summarize some of the evidence regarding Plaintiff's mental health. *See* AR 16–17 ("In addition to his physical complaints, the claimant testified that he has a short temper and difficulty getting along with others. . . . The claimant also reports struggling with depression due to not being able to work and provide for his family. . . . He generally denied having any mental issues and said he can follow instructions, get along with authority figures and handle stress/change 'well.'"). But beyond summarization, the RFC assessment only mentions Plaintiff's mental limitations in passing. For example, the ALJ notes that Plaintiff complained of symptoms of depression, along with other physical limitations, in 2019 and 2020, but he was able to engage in substantial gainful activity during that period. AR 18. He further notes that in May 2020, a treating medical provider remarked that Plaintiff, "despite various complaints including bilateral shoulder pain, lumbosacral stenosis, depression, decreased functional mobility and muscle weakness," "had no identified risks to safety as a commercial driver," and his physical examination at that time was "fairly normal." AR 20. This hardly amounts to a "more detailed assessment" of Plaintiff's non-severe mental limitations than the one the ALJ performed at step two. Moreover, as the ALJ

7

himself notes regarding a different functional limitation, it "has little probative value to the period at issue, which is beginning October 1, 2020, after the claimant ceased working." AR 20.

The ALJ's only other reference to Plaintiff's mental limitations is, "[a]s discussed, the claimant was not found to have any severe mental impairments or appreciable work-related mental impairments." AR 19. While the former statement is true, the regulations require that all medically determinable impairments, severe and non-severe alike, must be accounted for in the RFC assessment. *See Wells*, 727 F.3d at 1064 n.3 (A finding that a mental impairment was non-severe "alone would not support a decision to prepare an RFC assessment omitting any mental restriction.").The latter statement, on the other hand—that Plaintiff did not have appreciable work-related mental impairments—is not discussed anywhere in the decision. Indeed, that is the error at issue. Although the ALJ was not required to include the mild limitations determined from the paragraph B criteria in Plaintiff's RFC, he still needed to address the underlying non-severe medically determinable mental impairments, in combination with any physical impairments, in the RFC assessment. *See Stephanie G. v. Kijakazi*, No. 20-2623, 2022 WL 266801, at *6 (D. Kan. Jan. 28, 2022). He did not adequately do so. Instead, he appears to rely on the step two finding concerning Plaintiff's mental impairments, and not the more rigorous assessment of those impairments required at step four.

The failure to assess a claimant's mental RFC after recognizing non-severe medically determinable mental impairments at step two is reversible error. *See Mary E. K.*, 2023 WL 4105155, *3 (citing cases). And the Court cannot say that this failure constitutes harmless error as the Court cannot conclude that no reasonable factfinder

8

could have reached a different conclusion had the weight of the medical opinion evidence been adequately explained and supported by substantial evidence. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (concluding that, with certain "caveats, it . . . may be appropriate [in Social Security appeals] to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). Accordingly, the case must be remanded for further proceedings. On remand, the ALJ should make an RFC assessment that includes a narrative discussion regarding whether Plaintiff's non-severe mental impairments, combined with his physical impairments, warrant any limitations in the RFC. *See Wells,* 727 F.3d at 1064.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.

Dated this 15th day of February, 2024.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge